**VON PATZOLL et al. v. UNITED STATES.**
No. 3496.

Circuit Court of Appeals, Tenth Circuit.
July 16, 1947.

---

[11] Tucker v. United States, 10 Cir., 123 F.2d 280. Cf. Dunn v. United States, 10 Cir., 98 F.2d 119, 117 A.L.R. 1302.

**222**

J. B. Barnett and Early Pruet, both of Oklahoma City, Okl., for appellants.

Robert E. Shelton, U. S. Atty., of Oklahoma City, Okl., for the United States.

Before PHILLIPS, BRATTON, and MURRAH, Circuit Judges.

PHILLIPS, Circuit Judge.

This is an appeal from a judgment forfeiting to the United States, under 27 U.S. C.A. § 224, a 1940 Buick Club coupe. The Buick coupe was owned by Von Patzoll and was subject to a mortgage held by The First National Bank and Trust Company of Oklahoma City, intervenor below. The material facts were fully stated in our opinion in Von Patzoll v. United States, 10 Cir., 163 F.2d 216, and reference is made thereto for a more particular statement of the facts. In that opinion, the 1940 Buick Club coupe is referred to as the Buick coupe of Von Patzoll.

The question is whether the Buick coupe was "used in the transportation" of intoxicating liquor into the State of Oklahoma. The intoxicating liquor was actually transported from Dallas, Texas, to a point beyond Moore, Oklahoma, in an International truck which was also forfeited by the judgment below. The Buick coupe was not used to transport such intoxicating liquor. Von Patzoll did not himself engage directly in the transportation of such intoxicating liquor, but he induced or procured James H. Evans and Gene Luther Feezell to assist in such transportation. The word "used" in such § 224, supra, means employed. The Buick coupe was not actually employed in the transportation of the intoxicating liquor, nor to assist in the transportation of the intoxicating liquor. It was employed by Von Patzoll in inducing and procuring Feezell and Evans to transport such intoxicating liquor. The facts do not warrant the finding that it was employed to pilot the International truck. We are of the opinion, therefore, that it cannot be said it was used in the transportation.

The judgment is reversed and the cause remanded with instructions to dismiss the libel against the Buick coupe.

BRATTON, Circuit Judge, concurs in the result.